**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Julie A Su,<br><br>              Plaintiff,<br><br>v.<br><br>Bean Drywall Incorporated, et al.,<br><br>              Defendants. | No. CV-24-02963-PHX-KML<br><br>**ORDER** |

Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Acting Secretary"), and Defendants Bean Drywall, Inc. and Michael N. Bean ("Defendants"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

1.    The Acting Secretary filed a Complaint in the above-captioned proceeding naming Defendants and alleging they violated provisions of sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 207, 211(c), 215(a)(2) and 15(a)(5).

2.    Defendants have retained counsel and acknowledge receipt of a copy of the Acting Secretary's Complaint in this action.

3.    Defendants waive issuance and service of process of the Summons and Complaint and waive their response to the Acting Secretary's Complaint.

4.    The Acting Secretary investigated Defendants pursuant to the FLSA

during the period of March 6, 2021, through and including March 5, 2024, ("Back Wage Accrual Period"). The parties have agreed to settle and resolve all FLSA violations attributable to Defendants during the Back Wage Accrual Period through this Consent Judgment.

5.    The Parties agree to waive findings of fact and conclusions of law and agree to the entry of this Consent Judgment without further contest.

6.    Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action. They further agree that venue lies in the District of Arizona.

7.    Defendants engaged in drywall and other construction services on custom homes, small tract developments, and commercial projects.

## **PERMANENT INJUNCTION**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their officers, agents, servants, employees, successor companies, parties in interest, and all persons and entities acting at their direction or in concert or participation with them, are permanently enjoined and restrained from violating the FLSA, including through any of the following manners:

1.    Defendants shall not, contrary to the FLSA § 7, 29 U.S.C. § 207, employ any non-exempt employee who in any workweek is engaged in commerce, within the meaning of the FLSA § 3(s), 29 U.S.C. § 203(s), or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), 29 U.S.C. § 203(s), for any workweek longer than 40 hours unless such employee receives compensation for their employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which they are employed.

2.    Defendants shall not fail to make, keep, make available to authorized agents of the Acting Secretary for inspection, transcription, and/or copying, upon

their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

3.    Defendants, if not already in effect at the time of entry of this Consent Judgment, shall amend and maintain their payroll practices as follows:

A.    Defendants shall accurately record the information required by 29 C.F.R. § 516.2 in the payroll records, including (1) all hours worked by employees each workday and workweek; (2) the rate(s) of pay for each of the hours worked during a workweek; (3) the total weekly straight-time earnings due for the hours worked during the workweek; (4) the total premium pay for overtime hours; and (5) if Defendants choose to calculate pay through any type of production-based system, such as a piece rate system, Defendants shall: a) notify employees of the standard applicable piece rate to be paid in writing, b) keep a written record of any changes to or deviations from the standard applicable piece rate; c) maintain a record of the identities of all employees working on any "crew" to which a given employee is assigned; d) maintain a record of the precise formula used to calculate how each employees' weekly pay, including overtime pay, is calculated, and make such information open to each employee for inspection; e) calculate overtime at time and one-half the employee's regular rate (the regular rate is calculated by dividing the employee's total weekly earnings before any deductions are made by the total number of hours worked in that workweek); and f) show all deductions on the employee's weekly paystub along with an explanation of the deductions.

B.    Defendants' timekeeping system shall permit employees (as opposed to supervisors) to track their individual work hours daily. If changes in the time records later are required, Defendants shall designate and authorize one or more individuals to correct time entry errors. Crew leaders and superintendents may

not change or edit employee entered hours on a time sheet. Defendants will dedicate an individual to train employees on filling out time sheets and perform periodic checks of them at various worksites. This provision shall remain in effect for three years from the entry date of this Consent Judgment or until an electronic timekeeping system is implemented for all employees.

C.    Defendants shall maintain all time, piece rate, and payroll records for a period of not less than three years.

D.    Defendants shall record all wages paid to employees, regardless of the manner of payment, on their payroll records, and any expense reimbursements must be recorded in Defendants' accounting system.

E.    Defendants, within a month of the entry of this Consent Judgment, or within 30 calendar days of a person's employment into one of the types of positions named herein shall 1) inform all supervisors, managers, and persons performing payroll duties of the requirements of this Consent Judgment and 2) provide a copy of this Consent Judgment to them.

F.    Defendants shall direct their supervisors, managers, and persons performing payroll duties to encourage workers to report all hours worked and piece rate work performed.

4.    Defendants understand and affirmatively acknowledge that all individuals who perform construction labor services for or on behalf of Defendants, other than individuals performing services on behalf of bona fide subcontractors with whom Defendants have a written subcontract agreement, will be paid wages under the FLSA that are subject to the issuance of IRS Form W-2, Wage and Tax Statement. Defendants further understand and expressly acknowledge that such individuals are employees and as such are afforded all protections and safeguards guaranteed under the FLSA, including without limitation those found in FLSA §§ 6, 7, 11(c), 15(a)(2), 15(a)(3) and 15(a)(5), 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), 215(a)(3), and 215(a)(5).

5.      Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the back wages or liquidated damages paid to Defendants' current and former employees ("Employees") under this Consent Judgment. Defendants shall not threaten or imply that adverse action will be taken against any Employee because of its receipt of funds due under this Consent Judgment. Violation of this Paragraph may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

6.      Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the back wages or liquidated damages from any of the Employees who receive monies under this Consent Judgment. Defendants shall not threaten or imply that adverse action will be taken against any Employee because of its receipt of funds due under this Consent Judgment. Violation of this Paragraph may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

7.      Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any Employee who exercises or asserts its rights under the FLSA or provides information to any public agency investigating compliance with the FLSA. Violation of this Paragraph may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

8.      Defendants shall not continue to withhold the payment of $875,000.00 in overtime pay hereby found to be due by the Defendants under the FLSA to Employees, as a result of their employment by Defendants during the period of March 6, 2021, through and including March 5, 2024.

## JUDGMENT

**FURTHER, JUDGMENT IS HEREBY ENTERED,** pursuant to Sections 16(c) and (e) of the FLSA, 29 U.S.C. §§ 216(c) and (e), in favor of the Acting Secretary and against Defendants in the amount of $1,807,798.32.

Pursuant to this Judgment, **IT IS HEREBY ORDERED THAT**

9.      Defendants shall pay $875,000.00 in overtime pay hereby due under the FLSA and this Consent Judgment, to Employees as determined by the Acting Secretary.[1] In addition, liquidated damages in the amount of $875,000.00 are hereby due under the FLSA and Defendants shall pay this amount to Employees as determined by the Acting Secretary.

10.     Defendants shall pay $28,000.00 in civil money penalties ("CMPs") that were assessed against Defendants and finally determined, pursuant to FLSA Section 16(e), 29 U.S.C. § 216(e).

11.     Finally, Defendants shall pay $29,798.32 in post-judgment interest at the rate of 4.08 percent.

12.     Defendants will comply with Paragraphs 9 through and including 11 of this Consent Judgment by making payments as identified below.

| Payment # | Type | Payment Date | Payment Amt. |
| --- | --- | --- | --- |
| Down Payment | BWs & LDs | 12/2/2024 | $410,000.00 |
| CMP Payment | CMPs | 12/2/2024 | $28,000.00 |
| #1 | BWs, LDs & Int | 1/1/2025 | $114,149.86 |
| #2 | BWs, LDs & Int | 2/2/2025 | $114,149.86 |
| #3 | BWs, LDs & Int | 3/3/2025 | $114,149.86 |

---

[1]     The Acting Secretary is not including an Exhibit A with this Consent Judgment listing the Employees who are due back wages and liquidated damages herein because not all of the Employees' actual names who are due monies are known as of the date this Consent Judgment is entered because of record keeping issues.

| #4 | BWs, LDs & Int | 4/1/2025 | $114,149.86 |
|---|---|---|---|
| #5 | BWs, LDs & Int | 5/1/2025 | $114,149.86 |
| #6 | BWs, LDs & Int | 6/2/2025 | $114,149.86 |
| #7 | BWs, LDs & Int | 7/1/2025 | $114,149.86 |
| #8 | BWs, LDs & Int | 8/1/2025 | $114,149.86 |
| #9 | BWs, LDs & Int | 9/1/2025 | $114,149.86 |
| #10 | BWs, LDs & Int | 10/1/2025 | $114,149.86 |
| #11 | BWs, LDs & Int | 11/3/2025 | $114,149.86 |
| #12 | BWs, LDs & Int | 12/1/2025 | $114,149.86 |

13.    In addition, Defendants shall provide to the Claims Administrator on request the employer's portion of payroll taxes as computed by the Claim's Administrator at the time.

14.    Defendants shall make the CMP payment by going to www.pay.gov, then entering "WHDCMPWE" in the search field, clicking search, selecting the "WHD Civil Money Penalty Payment Form – Western Region" payment form, clicking the blue "Continue," and following payment instructions. When making this CMP payment, Defendants shall reference Case Number 1942852.

## DISTRIBUTION OF WAGES, LIQUIDATED DAMAGES & INTEREST

**IT IS FURTHER ORDERED** that the parties shall follow the steps outlined below to hire a Claims Administrator and make the back wage and liquidated damage payments ordered above.

15.    Defendants shall submit the name of a proposed Claims Administrator to the Acting Secretary's designated representative for approval within fifteen business days of entry of this Consent Judgment. If the Acting Secretary's designated representative does not approve, Defendants shall propose a different Claims Administrator to the Acting Secretary's designated representative within ten

business days of the last disapproval of the Acting Secretary's designated representative until approved.

16.    On or before December 1, 2024, or within ten business days of the Acting Secretary's designative representative approving a Claims Administrator, whichever is sooner, Defendants will hire a Claims Administrator to receive the payments from Defendants and distribute those funds as set forth in this Consent Judgment.

17.    The Claims Administrator shall oversee the payments to Employees as directed by the Acting Secretary's designated representative in this person's sole discretion.

18.    If the hired Claims Administrator declines to serve or to carry out its duties under this Consent Judgment, Defendants will make the payments to the Acting Secretary directly who will complete the distributions in this case. Defendants shall make the remaining payments for overtime back wages and liquidated damages owed required by this Consent Judgment online by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77761888, or by going to www.pay.gov and searching "WHD Back Wage Payment – WE Region." Payments shall reference Case Number 1942852.

19.    All of the Claims Administrator's administration fees and costs shall be paid by Defendants pursuant to their agreement with the Claims Administrator, a copy of this agreement will be provided to the Acting Secretary within ten business days of it being fully executed. Defendants' fees and costs include making international wire transfers. Said administration fees will not be funded by or deducted from the back wages, liquidated damages, or CMPs that Defendants owe under this Consent Judgment.

20.    Defendants shall make the payments identified in Paragraph 12 herein by the dates specified in Paragraph 12 herein by electronically depositing said

amounts into a noninterest-bearing Qualified Settlement Fund ("Settlement Fund") account established by the Claims Administrator (*see* Paragraph 21.A. herein for further information about the Settlement Fund). Should any payments in Paragraph 12 become due before the Settlement Fund is established, Defendants' payments will be held in abeyance and will become due no later than ten calendar days of Defendants being notified of the establishment of the Settlement Fund by the Claims Administrator.

21.    The Claims Administrator will work with the Acting Secretary's designative representative and Defendants to carry out the terms of this Consent Judgment. The Claims Administrator will be responsible for:

A.    establishing, within ten calendar days of being hired, a Settlement Fund account to hold in trust the back wages, liquidated damages, and interest thereon that Defendants shall pay pursuant to Paragraphs 9 and 11 herein.

B.    notifying the Parties within ten calendar days of the establishment of the Settlement Fund: the date this fund was established, and the information (routing and account numbers) needed for Defendants to make their electronic payments into the Settlement Fund;

C.    receiving payments from Defendants in accordance with Paragraphs 12 and 20 herein and holding such payments in the Settlement Fund in trust, until the Acting Secretary's designated representative instructs the Claims Administrator to make distributions;

D.    confirming Defendants electronically deposited the back wages, liquidated damages, and interest payments into the Settlement Fund in accordance with Paragraph 12, not later than three business days after the monies were due to be deposited as listed in Paragraph 12 herein;

E.    notifying the Acting Secretary's designated representative within three business days of learning that Defendants did not make a payment as required by Paragraph 12 herein;

F.     responding to information requests from Employees, Defendants, and the Acting Secretary' designated representative;

G.     obtaining a notification document from the Acting Secretary's designated representative and Defendant's Counsel, Heidi Nunn-Gilman, to be placed on the Claims Administrator's website to provide general information about the Consent Judgment;

H.     providing a link to the notification document contained in the previous paragraph to the Acting Secretary's designated representative and Defendant's Counsel, Heidi Nunn-Gilman, so that it can be included in the template notices mailed to the Employees;

I.     obtaining template notices from the Acting Secretary's designated representative and Defendant's Counsel, Heidi Nunn-Gilman, that will be included with the mailings sent to the Employees;

J.     mailing template notices and their accompanying W-4s to designated Employees within ten business days after receiving instructions from the Acting Secretary's designated representative regarding who shall be sent these mailings;[2]

K.     obtaining updated addresses for Employees and re-mailing returned notices and related documents;

L.     calculating separately the Defendants' share of payroll taxes and the individual Employee's share of payroll taxes and income tax withholding only for the back wage amounts paid to Employees, and to not withhold or deduct taxes from the liquidated damages amounts paid to Employees;

M.     should Employee(s) respond to the notice(s), but not return

---

[2] The Claims Administrator will make not more than two distributions to designated Employees while payments are being collected from Defendants and one distribution to the remaining Employees after Defendants have completed making their payments.

W4(s), the Claims Administrator will take the standard income tax withholding(s) from the Employee(s)' back wages;

N.    deducting the individual Employee's share of payroll taxes and income tax withholding from the back wage portion of the Employees' back wage payments;

O.    putting an expiration date on the checks to Employees that is 120 calendar days after the date the checks were issued;

P.    issuing payments to Employees in accordance with the individual Employee's W-4 and instructions by the Acting Secretary's designated representative such that the Employees' back wage portions are <u>only</u> reduced by their share of payroll taxes and the amount of income taxes withheld;

Q.    obtaining from Defendants their payment of their share of payroll taxes when requested;

R.    paying the payroll taxes for the Defendants and Employees and the income tax withholds for the Employees to the appropriate federal agencies;

S.    filing tax returns with respect to the Settlement Fund for the payroll taxes and tax withholdings for Defendants and Employees;

T.    issuing IRS Form W-2s (for the back wages) and 1099s (for the liquidated damages) to each Employee who cashes a payment;

U.    communicating as necessary with the Acting Secretary's designated representative and Defendants;

V.    tracking all necessary data (e.g., full name, title, date, time, issue, how issue was resolved, contact telephone number) regarding contact with Employees and Defendants;

W.    reissuing checks where required in consultation with the Acting Secretary's designated representative;

X.    distributing the remains of the Settlement Fund to the Acting Secretary pursuant to the directions provided in Paragraph 23 herein and by the

Acting Secretary's designated representative; and

Y.    adjusting the prioritization, process and manner of these distributions based solely on instructions from the Acting Secretary's designated representative who will inform the Claims Administrator the order of paying the Employees.

22.    The Parties agree to the following processes for administering payments to Employees:

A.    Within ten business days after entry of this Consent Judgment, the Acting Secretary will provide the Defendants with the name and contact information (telephone number, e-mail address and physical address) of her designated representative for administering her responsibilities under this Consent Judgment;

B.    Within five business days after hiring, the Claims Administrator, Defendants shall inform:

1)    the Acting Secretary's designated representative of the date the Claims Administrator was hired and the Claim's Administrator's contact information (telephone numbers to include mobile number, e-mail address and physical address).

2)    the Claims Administrator of the contact information of the Acting Secretary's designated representative (telephone number, e-mail address and physical address).

C.    Within ten business days after hiring the Claims Administrator, Defendants shall provide a list in Excel format to the Claims Administrator, and the Acting Secretary's designated representative, containing the full name; mailing address; telephone number(s); e-mail address; social security number; birth date; direct deposit information, to the extent such information is known; and messaging platform (e.g., WhatsApp) and username, number, or other personal identifier the worker is known to use for each Employee (the "Employee List"). Thereafter, the

Acting Secretary's designated representative shall either 1) inform the Claims Administrator and Defendants that the Employee List is correct; or 2) revise the Employee List to the extent necessary to make it correct and provide the revised list to the Claims Administrator and Defendants;

        D.    Within 20 business days after the Acting Secretary's designated representative provides a revised list, Defendants shall provide a revised Employee List in Excel format to the Claims Administrator and the Acting Secretary's designated representative containing the same information required in the previous paragraph for the Employees who were added. Thereafter, the Acting Secretary's designated representative shall either 1) inform the Claims Administrator and Defendants that the Employee List is correct; or 2) revise the Employee List to the extent necessary to make it correct and provide the revised list to the Claims Administrator and Defendants. To the extent that the Acting Secretary's Designated Representative provides another revised list, then the process in this paragraph will be repeated until this representative no longer provides a revised list;

        E.    The Acting Secretary's designated representative and Defendant's Counsel, Heidi Nunn-Gilman, will draft a notification to be given to the Claims Administrator to be placed on its website at the link specified in the template notices sent to Employees to provide general information about this Consent Judgment.

        F.    The Acting Secretary's designated representative and Defendant's Counsel, Heidi Nunn-Gilman, will draft template notices to be provided to the Claims Administrator to be sent to each Employee that:

        1)    informs the Employee of this Consent Judgment;

        2)    informs the Employee of the amount of back wages before taxes, the amount of liquidated damages and the amount of interest to which the Employee is entitled;

        3)    requests that the Employee complete and return IRS form

W-4 for use in calculating withholdings for the back wage payment;

4)  states that a social security number is not required for the Employee to collect the owed wages, liquidated damaged and interest;

5)  advises the Employee to contact Acting Secretary's designated representative at a designated telephone number with any questions related to the Consent Judgment to include the administration and distribution of monies therefrom;

6)  informs the Employees that their checks must be cashed within 120 calendar days from the date of issuance; and

7)  provides a link to the notification page on the Claims Administrator's website containing general information about this Consent Judgment.

G.  Defendants will provide to the Claims Administrator their share of payroll taxes within 20 calendar days after the Claims Administrator requests them to pay the amount of employer payroll taxes due;

H.  The identities of all persons who are due FLSA § 7 back wages and liquidated damages under this Consent Judgment are presently unknown to the Acting Secretary. The Acting Secretary will endeavor to confirm the identities of such persons. She will also file an Exhibit A to the Consent Judgment identifying the persons due back wages and liquidated damages and the back wages and liquidated damages allocated to each person, within two years of the date of the Court's entry of this Consent Judgment. The Acting Secretary may file subsequent amendments to Exhibit A as necessary and in her sole discretion to supplement or revise the names or amounts listed. The total amount of FLSA § 7 back wages and liquidated damages attributable to Defendants and paid to all Employees deemed to be due such back wages and damages shall not exceed $1,750,000.00 split evenly between back wages and liquidated damages; and

I.  In the event of any default by Defendants in the timely making

of the full amount of any payment due hereunder as specified in Paragraphs 12 and 20, the full amount due under this Consent Judgment which then remains unpaid, plus post-judgment interest at the rate of ten percent per year, from the date of this Consent Judgment until paid in full, shall become due and payable upon the Acting Secretary's counsel sending, by ordinary mail, a written demand to the last business address of Defendants then known to the Acting Secretary and an e-mail to Defendants' counsel who approved the entry of this Consent Judgment.

## **DISTRIBUTION OF UNPAID FUNDS BY THE ACTING SECRETARY**

**IT IS FURTHER ORDERED** that the parties follow the steps outlined below to address the remaining unpaid funds due to the Employees:

23.    Between 30 to 40 calendar days after the last 120 calendar day period for all Employees to cash their checks expires measured from the dates of issuance, the Claims Administrator shall remit the entirety of all unredeemed and remaining funds to the Acting Secretary pursuant to the instructions provided below *and* by the Acting Secretary's designated representative. This will include:

A.    the full amounts in all checks that were not cashed within 120 calendar days of issuance; and

B.    the full amounts of all back wages, liquidated damages, and interest payable to Employees whose notices were returned as undeliverable and to which the Claims Administrator was not able to establish contact with the Employees.

24.    Unless instructed otherwise by the Acting Secretary's designated representative, the Claims Administrator will remit these unpaid funds to the Acting Secretary at "WHD Back Wages Payment Form – Western Region" at https://www.pay.gov/public/form/start/77743734. This payment shall reference Case Number 1942852.

25.    The Claims Administrator will notify the Acting Secretary's designated representative on the day it makes payments under Paragraphs 23 and

24 herein. Additionally, within ten days after this notification, the Claims Administrator will provide the Acting Secretary's designated representative a Summary Report of its payment of funds under this Consent Judgment wherein it will list for each Employee *who cashed a check* issued by the Claims Administrator: the Employee's full name, gross amount of monies due to the Employee, total net amount of monies paid to Employee; and dates checks were cashed.

26.    The Acting Secretary shall allocate and distribute the proceeds from the funds it receives as described in Paragraphs 23 and 24 in her sole discretion to the persons determined to be due back wages, liquidated damages, and interest under this Consent Judgment, or to their estates if necessary, in her sole discretion. Any money not so paid within a period of three years from the date that the money is transferred to the Acting Secretary pursuant to Paragraphs 23 and 24 herein because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

27.    The Acting Secretary shall be responsible for deducting the Employee's share of federal income and payroll taxes from the gross back wage amounts paid to the persons who receive back wages under this Consent Judgment from the Acting Secretary, and for remitting said deductions to the appropriate federal agencies.

28.    Defendants are responsible for the employer's portion of payroll taxes on the back wages paid by the Acting Secretary pursuant to this Consent Judgment. The Acting Secretary's designated representative will notify Defendants of any back wage payments she makes under this Consent Judgment within 30 business days of making them,

**IT IS FURTHER ORDERED** that the filing, pursuit, and/or resolution of this proceeding with the entry of this Consent Judgment shall not act as or be asserted as a bar to any action or claim under FLSA § 16(b), 29 U.S.C. § 216(b), as to any

employee not named on Exhibit A, nor as to any employee named on Exhibit A for any period not specified herein, nor as to any employer other than Defendants. To the extent that this issue is raised before Exhibit A is filed, then the names on the Employee Lists previously provided by Defendants will serve as a substitute for Exhibit A.

**IT IS FURTHER ORDERED** that each party shall bear their own fees, costs, and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended, to the date of entry of the Consent Judgment herein; and

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated this 13th day of November, 2024.

_____
**Honorable Krissa M. Lanham**
**United States District Judge**